Good morning, Your Honor. It's Roger Coteau for the appellate, Thunder Properties, Inc. Two things. I know the court wanted to address the jurisdictional issue, because that's primarily the major issue in this particular case. And we were instructed to review the demeritist opinion for comment today. And as we just commented in the last case, I think the problem is, and again, it's a motion of summary judgment in this case, so there is no evidence, again, as to whether or not this is a real trust, not a real trust, an unincorporated... You're acquainted with the 12b-1 motion, the defendant can request jurisdictional discovery to establish the existence or nonexistence of any jurisdictional facts. You didn't do that. That's correct, Your Honor. Okay. So why is the — if we take a look at the word trustee, and we take a look at Black's Dictionary as to trustee, and what a trust is, it goes back to the 15th century, and it says that a trustee is a person who owns legal title for the benefit of beneficiaries who hold equitable title. And then you take a look at Federal Rule of Civil Procedure 17a-1, I think it's E, and it says a person can sue for the benefit of someone else if he's a trustee of an express trust. Why is not the allegation that Bank of New York Mellon is a trustee for the certificate holders sufficient under Rule 8 to satisfy us if we take the allegations of the complaint as true as we must, that this is a trust as it's known in England and the United States since the 15th century? Your Honor, I understand your position, sir. And I also understand, however, though, there are a myriad of different forms of trusts. I understand. If the plaintiff was so in a droit as to plead himself out of the case by describing a trust which is other than what he described, you'd have a very good case, as did the Americold case. But here, there is no such thing. The bank has said it's a trust for certificate holders. Certificate sounds to me like something in writing. Something in writing to me sounds like something express. Understood, Your Honor. And part of the problem, too, is that in a lot of these cases we've had just the banks being named, and more in kin, if you will, with the trustee relationship where they're vested with title and so forth. And then we've had certain cases where the party has been necessarily named as merely a trustee for certificate holders in a different kind of, at least from a different titling point of view. And that gave rise, if you will, to some inquiry as to whether or not it was treated differently as opposed to the trustee just being named as the trustee, you know, for example. Do we have any case that says that a trustee of a certificate holder, for a certificate holder, is anything other than a trustee in the traditional sense? No, Your Honor, obviously. And this Court's ruling on the case that we were to look at is obviously structured the same fashion. So I respect that. I'm a little bit confused here, because I thought you did seek 12b-1 discovery about their trust and whether there was jurisdiction, and it was denied by the district court. I thought you had attempted to challenge this, and the district court didn't let you. Am I wrong about that? I don't know. I think that's at ER-15. May I? I thought that at ER-15 we had a whole order in which the district court was saying that you couldn't pursue these questions about what kind of trust. Oh, yes, Your Honor, that is true. I mean, from what you're saying, that, yes, in this order, the judge basically said, I find this and I'm, you know, we're not going to do it. But I thought that wasn't that. Hadn't you made some request? Why did the judge do that, if you hadn't been trying to challenge this or learn more about the status of the trust? There were two motions, if the Court's aware at that time, from the HOA as well on this issue. I can't hear you very well, Mr. Chief. I'm sorry. There were other — there was another motion underlying this as well where the HOA had challenged the jurisdictional aspect as well. And so there was that — there was a whole process, if you will, at the— Did you make a motion for— No, Your Honor. Then why would this judge put this in his order? That I don't know. It was, you know, discussion. An inventive judge, an inventive clerk. Right. Well, are you saying that the HOA requested jurisdictional discovery? I can't tell you that for certain, Your Honor. I would not. I don't. I would not commit to that. Well, it's just interesting to me that your answers to Judge Bea were basically conceding that we could just take the allegations in the complaint as true. It seems like — are you abandoning the effort to challenge the jurisdiction?  I don't think I — I apologize. I didn't think I was abandoning or giving up the right. I was simply understanding the judge's rendition of what trust law is. However, we believe this one to be at least one that required inquiry. And why does it require inquiry if you were agreeing with Judge Bea? Now I'm just very confused because I thought you were challenging this. No, that's fine, Your Honor. I agreed with the tenets that Judge Bea said in terms of what a trust is and how it generally is done. And if it's an express trust, then as a practical matter, it would be covered under Navarro and so forth in the Ninth Circuit. Are you taking the position that you can challenge jurisdiction at any time in the proceeding regardless whether you've not done so before and you want us to remand to allow you to do jurisdictional discovery in the district court and establish that this is something other than a traditional trust? Yes, Your Honor. Okay. I've got your picture. That is what we're asking. And you think there is something that could be shown that would have there be no jurisdiction despite agreeing with the general propositions about trustees being able to sue? Provided this is not a typical trustee relationship. And you think there's enough chance of that that it's worth remanding for further work on that question? I think it's a question that's open that could be discerned if allowed the opportunity to do so. Okay. Thank you very much. Thank you, Your Honor. As far as the underlying allegations of the complaint, I'm sorry, the underlying decision to the court, there were several issues. And this is the issue whether or not there was this was a check tender case where there was an attempt to tender. It was a rejection. We believe there are factual allegations that could be developed in that case that weren't allowed to be developed in that case, that there were conditions that were unique to these particular parties, that they would not have accepted, but there were problems with the manner of which it was presented. So I think there are factual determinations that would require a remand on this case in addition to the jurisdictional issue. There was no disclosure of the tender, not that per se there's a general requirement from the bank's perspective, but we have belief that there are general requirements from the HOA and the HOA trustees' perspective. And you don't think that SFR Investments forecloses all your arguments? It is a difficult case. Which we have to follow, so I'm not sure what good this does. Respectfully, I understand. And it is a difficult case. You know, that case basically defines what the conditional letter is of the Miles Bauer letters that have been replete throughout these cases. The unique thing is this, is this is actually a law firm who was doing the collection efforts. So there's a more intelligent response process between the parties in terms of what the objections were. The current SFR case you're referring to actually is looking at the letter, I believe, taking the generic terms of the letter and saying they're not objectionable. And I think that's why that case is somewhat problematic because, again, the response is if we're going to look at these letters not as a generic item and make them apply uniformly across the board, but we look at the facts between the parties, if a party is willing to accept the funds, however, they don't like some of the conditional language, that's easily resolvable. But we are applying Nevada law, and you're asking us to disagree with the Nevada Supreme Court? No. No, no, no, no. I would never do that. That's not what I'm asking. What I'm saying is I think these are distinguishable. That's all. And I think they're distinguishable based upon evidence, but the evidence was never adduced at this time. The trial never happened. And that's all I'm saying. But I understand. Explain to me again why it's a distinguishable but difficult case. It's difficult because the Miles Bauer letters are canned letters for the most part. They had some variations over the years. I mean, I've been doing these cases since 2010. They had some variations in their letters, but it was a first letter and a second letter. The first letter says, upon adequate proof, we'll pay you. The second letter says, look, we figured out some number, here you go. And they send the check. And what happens with that check if they reject it or they accept it is somewhat fiat, and the bank does nothing further at that point. But there's generally a dialogue. Jessup decision, for example. But doesn't SFR tell us that all they need to do is offer you the money and that's what they did? Unconditional payment of an immediate payment of tender. The case said we didn't have to maintain the tender as good. The bank had no recording requirements. But there are issues that extend beyond that letter to suggest whether or not the HOA or the HOA trustee had a duty to disclose, if you will, the tendered payment. Because what they're selling is something dynamically different. Under ANAS 113-130, there's a requirement for some disclosure from a seller who has actual knowledge. And the seller here in this case is the HOA itself. So the HOA itself knows whether or not tender's been made, and it could have an adverse effect on the ultimate value of the property or the use of the property. And that's one of the duties that we see as being due. It's not been addressed by the Ambassador in court. I have a number of cases going through the system on that issue currently. So I say to you it's a fluid issue. Whether this case is completely dispositive, I think it says what it says as to all the matters in it. But I think there are other things that could adjust or have a different outcome if it was looked at. Are those things you raised below? They're not raised in this case under 113, Your Honor. But they would be raised and could be raised at time of trial, but they weren't raised in the assembly judge motions. Thank you very much, Mr. Chairman. Thank you, Your Honor. Good morning again. Ariel Stern on behalf of Bank of New York Mellon. We would direct the court's attention to the excerpt of record at page 19. This is the district court's order in which, among other things, it denied the motion to dismiss for lack of subject matter jurisdiction. And in that order, the district court analyzed, this was before obviously the Demarest case, but it analyzed AmeriCold and concluded that, as this court later did in Demarest, the traditional rule that the citizenship of the trustee is what matters if you're dealing with a traditional trust was not disturbed. The court further held, and I'd like to emphasize this part of it, quote, even if the court did need to analyze BNY Mellon's role as trustee, BNY Mellon is more likely than not merely a nominal plaintiff. It's more than likely not merely a nominal plaintiff because it has an impact on and a stake in the controversy. And so the court actually did make some factual determinations there about BNY Mellon's. But what were the facts that the court was using to make such a factual determination? The court says in the following sentence, BNY Mellon alleges that it has legal title to the trust assets. Read that again slowly. BNY Mellon alleges that it has legal title to the trust assets. But that's an allegation. And this was, well, first of all, I think we're at summary judgment. And second of all, as I understand it, someone had requested discovery and the district court was denying it. Right? That is not my understanding. So how do we end up with this order? So how do we end up with this ruling on whether there was jurisdiction given the status of the trust? Because the, and I think what the district court was emphasizing here was that the assignment of the mortgage that transfers the interest is in the name of the trustee. It's to the trustee. It's not to the trust. But someone had argued there was no jurisdiction. Who was arguing that? So the two, I'd like to clear that up. Two entities argued that. The HOA argued that based on the Nevada statute that requires arbitration of, it's not really a jurisdictional thing. Nevada statute could not control Federal jurisdiction in any event. And that was more of an exhaustion of remedies, but called it jurisdiction. And separately, the purchaser, eventual purchaser, Thunder Properties challenged jurisdiction based on Americold. But they're saying they didn't. They just had forgotten? I mean, isn't that what he was just saying? They never did? They did do it. Okay. Okay. There was a motion to dismiss. That motion was denied. And the order denying that is found here on the excerpt from this record starting on page 15. And I think as part of the Court's analysis here, it should keep in mind that there was full discovery in this case and there was summary judgment. Summary judgment is the time to raise these arguments or file for relief under Rule 56d. That did not happen here. I see. So you're saying they did challenge jurisdiction, but without actually seeking discovery that would have been relevant to the jurisdictional question of what kind of trust this was? Yes. Yes, Your Honor. They had an ample opportunity at discovery here. And the way the scheduling of cases works at the District of Nevada, often there's a motion to dismiss that takes some time to resolve. And meanwhile, the parties typically engage in discovery anyway. And so there was a full opportunity for the plaintiff here. And they never sought discovery on what kind of trust this was? Correct. They focused their argument really on a more legalistic reading of the Americal case as if it had ushered in a sea change in how trustee citizenship is determined. Counsel, Judge Gould, if I can interject a question. I may be missing something here. But if I'm correct, that the district court did not have the benefit of Demarest because it hadn't yet been handed down. Why should we not vacate and remand for the district court to address jurisdiction in light of Demarest? Judge Gould, I think the district court anticipated Demarest. Its determination here on page 19 of the experts of record shows essentially the same analysis that this court did undertake in Demarest. And in Demarest, I think one of the things that was candidly present in the record in that case that's missing in this case was the trustee agreement, the agreement that sets forth the scope of duties of the trust and the trustee under the trust. That's really the only meaningful difference. And I think the district court sufficiently determined that this was a traditional trust, not only because it's sued in its own name, but because the deed of trust was assigned to it. And so as a practical matter, there's not a whole lot more that the court can determine from further factual analysis than it already did. It would simply, I think the only thing that would be out there would be a review of the trust agreement, which would confirm what we already see in the record, which is that as the bank claimed in the complaint, it appears, it holds the paper, in other words, the note, the deed of trust. It manages it and it disposes of it through foreclosure or otherwise. And that's all sufficiently before the court. And I think at a more high level of analysis, the Americal decision not only did not expand the pleading requirements to establish on the face of the complaint that there's federal jurisdiction, we don't read it as also expanding the quantum of proof or the quantum of evidence that has to be presented in a case to satisfy jurisdiction. Certainly there are variations in state law, but at this point I think what the Supreme Court was concerned with was that there are some cases where under state law there are entities that are called with the label of a trust but aren't really functioning as a trust because the members in those entities actually have managerial control, actually have participating interests, and in contrast to a traditional trust such as the one we have here, it's all done through the trustee. And I think that's the distinction that Americal was emphasizing here. And I think one of the questions had to do with whether there are any cases in which a mortgage trust and a securitization has ever been held to be anything other than the traditional trust. And we've looked at this. We haven't found any. There are, in fact, many, many cases in the district courts, as well as the two cases cited in Demarest, one from the D.C. Circuit, one from the Fifth Circuit, that all come out the other way. And so the concern we have with remaining the case is that it would really open a new area of practice where plaintiffs would be required to show a lot more in this context than is really contemplated by Americal. But you're saying that, I mean, how would it be a lot more if you're right, that this kind of trust is always a traditional trust? That seems like if it's true as a matter of law it would be easy to show. I think it would be easy as a conceptual matter. But when we have, I think, a lot of cases that have been filed, whether including the HOA issue or the more traditional way that these issues come up is when a borrower sues to try and get some kind of relief from the contractual obligation. Those cases have all been pled with the traditional understanding that the trustee is the one party whose citizenship you look to. But, I mean, maybe some analysis needs to happen now state by state to figure out whether these are just owners who are cooperating or whether they're really a trust. And I think one of the questions that you asked the counsel for Thunder Properties was whether they really expect to find anything there. And I think as a practical matter when we consider judicial resources, it's simply not necessary because the Court had enough here in this case. And with the Court's review of the factual determination, I think it's certainly within the Court's discretion to find that it was more likely than not that this was a traditional trust. Can you tell what the Court based that on? Again, all we have is what the Court wrote on page 19 of the excerpts of record. Oh, like was there briefing on how in every State this kind of trust is really a traditional trust? There was. I don't know if that was expressly said in that manner, but essentially, yes. The briefing before the district court really focused on whether AmeriCold ushered in a new way of looking at this. And within that, the argument that we presented was, look, under AmeriCold, this is not anything other than a traditional trust and here's why. And we explained that, among other things, the trustee continues to basically make all the decisions on behalf of the beneficiaries of the trust. But you were just asserting that as a lawyer rather than having evidence of it? I mean, where in the record is that shown? Once again, Your Honor, the principal place in the record where that's shown is in the assignment of the mortgage. The assignment of the mortgage, the assignment of the mortgage that gives legal title to basically the property and whose benefit the trustee is managing and holding to the trustee itself. And where is that in the record? That is starting at page 298 of the record in our summary judgment briefing and then it is attached in one of the exhibits to that. That's ER 298? Yes, that's where the summary judgment motion begins and we address those issues, including the assignment of the mortgage, which states that the trustee is the owner, essentially, of the legal interest. Now, by summary judgment, of course, we had already gone through the jurisdictional issue, so there wasn't a specific link to that. But in the district court's original order, that is what the court determined, that, again, in its words, we allege legal interest and if successful, the trustee would be entitled to a significant amount of relief. And we believe that is sufficient. Thank you very much. Thank you. All right. We'll give you a minute for a rebuttal if you'd like that. Roger Cato for Thunder Properties, Your Honor. Maybe I misconveyed. We have challenged jurisdiction. The question that I was asked that I was not able to provide a response is we did not ask for specific discovery on the jurisdictional issue. That's fact. So how, I mean, they alleged that they were acting as a trustee of a trust, and you tried to challenge jurisdiction but without seeking discovery to show that they weren't a traditional trust. So how did you properly challenge jurisdiction at that point? Well, we challenged it, and the court denied the motion. We didn't ask for discovery. We challenged the jurisdiction. In that motion, we didn't make a separate motion to get discovery on the issue. However, I think it's instructive. So then why shouldn't we take the allegation in the complaint as sufficient if it was never challenged factually? Well, the judge basically rendered his own analysis and said that they are. And if you, again, referring to page 19. But we can affirm on any ground. I mean, maybe the district court shouldn't have handled it this way, but if we think you basically waived any challenge to the allegations in the complaint by not seeking any discovery before summary judgment, what do we do now when we have to decide whether summary judgment was appropriate? We didn't waive. At least I don't think we waived. It was never anybody's intention to waive. We raised it in the motion. The judge ruled upon it. When he ruled upon it, he basically made his own determination, his own analysis that it looks like a trust, smells like a trust, so therefore I'm going to call it a trust. So are you saying that's why you didn't seek discovery, because the judge had already ruled? As Your Honor knows, the judge took it under advisement and the ruling came out. And at that point. And that was before, there was still more discovery after that and then summary judgment, or it was all at once? It was all at once, Your Honor. And just for the record, at this time, Bourne Valley was the focus, if you will, of what was going on in the Federal court systems. Though we didn't, jurisdiction in this particular case was an element of our defense,  right or wrong. But one thing I just wanted to point out, it says the court on page 19 goes, in Merigold, the court did not qualify the application of Navarro based on the powers or attributes that the trustee possesses. Rather, it reaffirmed that simple rule that when the trustee files a lawsuit or is sued in his or her own name, her citizenship is all that matters for diversity. So he's making these determinations that basically because they filed the case, it's enough. They go on to say even if the court did not need to analyze Mellon's role as trustee, Bank of New York Mellon is more likely not merely a nominal plaintiff because it has an impact on the stake in the controversy. And then for those reasons, he's determining straight up that it's a traditional trust and citizenship is based upon diversity. So, I mean, that determination is in the order. He runs through the analysis. It's not as if these are questions of fact or otherwise. He's making those determinations. And I believe it's significantly more, Your Honor, than is alleged in the complaint. And on that, I appreciate the additional time. Thank you very much, Mr. Grasso. The case of Bank of New York Mellon v. Under Properties is submitted.
judges: Gould, Bea, Friedland